UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NATHANIEL GAY**, | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. _____** |
| | ) |
| **DYNAMIC RECOVERY** | ) |
| **SOLUTIONS, LLC** | ) |
|     **DEFENDANT**, | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Nathaniel Gay, is a natural person who resides in Shelby County, Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Dynamic Recovery Services, LLC (hereinafter referred to as Defendant) is a collection agency engaged in business in the State of Alabama, but maintains its principal place of business in the state of South Carolina, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. The alleged debt at issue is related to an account with Checkmate for a payday loan.

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

9. Plaintiff filed a Chapter 7 bankruptcy petition on July 19, 2012.

10. The petition was filed in the Northern District of Alabama.

11. The case number is 12-03407-TBB7.

12. The debt at issue was listed on the petition.

13. Notice of the bankruptcy petition was sent to Checkmate.

14. No entity objected to the discharge-ability of the debt.

15. On October 29, 2012, the Bankruptcy Court issued an order discharging the debt.

16. The Discharge Order was sent to Checkmate.

17. The Discharge Order states in relevant part: "IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)."

### *March 28, 2013 Collection Calls*

18. On or about March 28, 2013, Defendant's collection employees, left a voice mail message on Plaintiff's cellular phone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Defendant stated on the voice mail, **"Hi, I'm calling from Dynamic Recovery Solutions. I wanted to discuss a matter with you today. If you would please give me a call back as soon as you can. My telephone number here is 1 (866) 613-5397. Again my telephone number, which is toll free, is 1 (866) 613-5397.  I look forward to hearing from you."**

20. The above-described collection communication made to Plaintiff by Defendant's collection employees employed by Defendant were made in violation of provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(11).

21. On or about March 28, 2013, after receiving the voice mail message, Plaintiff, called back Defendant. During this telephone call, Defendant was

extremely aggressive, rude, abusive and threatening and stated Plaintiff could be facing jail time. Defendant also stated that we could handle this today if Plaintiff had a debit card or a credit card on file. Plaintiff responded to Defendant that he had filed for Bankruptcy and that all calls needed to be directed to his attorney, S. Scott Allums and gave his attorney's name and address to Defendant.

22. Plaintiff was traumatized and terrorized by Defendant's, illegal threats of arrest and believed that he would be imminently arrested at his home.

23. Defendant's illegal abusive collection communications as more fully described herein were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his family life.

24. On or about March 28, 2013, Plaintiff calls back the Defendant and spoke to an employee of the Defendant because Plaintiff wanted to clarify that the debt was include in his bankruptcy case. An employee of the Defendant told the Plaintiff that the collection calls would cease and desist.

### *April 1, 2013 – April 5, 2013 Collection Calls*

25. Defendant attempted several more times to contact Plaintiff leaving voice mail messages for Plaintiff to call back regarding the debt.

26. Despite receiving notice that the Plaintiff was represented by counsel and the debt was included in a bankruptcy case, employees of the Defendant continued to contact Plaintiff.

27. It is a prohibited communication for a debt collector to contact a consumer once they know the consumer is represented by an attorney.

28. It is illegal to attempt in any manner to collect this discharged debt.

29. Defendant started a campaign of deliberate intent to harass and oppress Plaintiff to force Plaintiff to pay Defendant.

30. Instead of doing what is reasonable and what any honorable debt collector would do, however, Defendant has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

31. Defendant has misrepresented the character, nature, and amount of the debt, as no debt is owed.

32. Defendant has misrepresented not only the existence of the debt, but also the consequences that it will impose upon the Plaintiff if the Plaintiff does not give in to the extortion demands of Defendant.

33. Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

34. The above described collection communication made to Plaintiff by Defendant and its debt collectors was made in violation of provisions of the FDCPA,

including, but not limited to 15 U.S.C. § 1692c(a)(2), 1692d, 1692d(5), 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f.

35. Upon information and belief, Defendant has not registered in the State of Alabama as a collection agency, and/or purchased a license required for collection agencies in order for it do business in this State pursuant to Ala. Code § 40-12-80.

### *Respondeat Superior Liability*

36. The acts and omissions of this individual collector, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

37. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

38. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

39. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but

not limited to violations of the FDCPA and Alabama law, in their attempts to collect this debt from Plaintiff.

## SUMMARY

40. All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

41. The Defendant violated numerous sections of the FDCPA, including, but not limited to: 1692c(a)(2), 1692d, 1692d(5), 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f.

42. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

43. The above-detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof, Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions, and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

44. This abusive collection practice by Defendant and its agents caused Plaintiff stress and anguish.

45. Defendant's attempts to collect this debt from Plaintiff and refusal to stop

violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

46. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

47. The only way that abusive debt collectors like Defendant will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

48. A significant punitive damage award will get the attention of Defendant and other abusive collectors that attempt to gain an unfair competitive advantage over honorable, law abiding debt collectors so that they will realize that it no longer makes economic sense to abuse consumers.

49. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate

within the boundaries of the law.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant and its agents constitute violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

53. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II

## VIOLATION OF THE DISCHARGE INJUNCTION

54. The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

55. Pursuant to 11 U.S.C. § 524, a discharge order "operates as an injunction" against acts to collect on discharged debts.

56. The defendant's actions set forth hereinabove constitute willful violations of the discharge injunction.

57. As a result of the defendant's actions, the defendant is liable to the Plaintiff for actual damages, punitive damages, cost and legal fees.

## COUNT III.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGE

58. The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

59. Defendants' actions and conduct toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of

decency, and are atrocious and utterly intolerable in a civilized society.

60. The emotional distress that Defendants caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

61. As a result of the acts averred above, Plaintiff has suffered anger, anxiety, emotional distress, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

62. As a result of the Defendants' actions, Defendants are liable to the Plaintiff for compensatory and punitive damages, costs, and a reasonable attorney's fee.

## COUNT IV.

## INVASION OF PRIVACY

63. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

64. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

65. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:  **Abusive debt collection practices contribute**

to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

66. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.15 U.S.C. § 6801(a) (emphasis added).

67. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

68. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon

Plaintiff's right to privacy.

69. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

70. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

71. The conduct of Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

72. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

73. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT V.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

74. Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

75. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

76. Had Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

77. Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred. The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

78. Defendants knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

## COUNT VI.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

79. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

80. Defendant owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

81. Defendant owes a duty to consumers against whom it is collecting to act reasonably.

82. All of the actions described in this Complaint demonstrate that the Defendant did not act reasonably towards the Plaintiff.

83. The Defendant, by its described conduct, breached its duty to act reasonably towards Plaintiff.

84. Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

85. Defendant knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries; yet it acted despite this knowledge.

86. Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

87. Defendant was successful in its design, intent, and plan to cause harm to Plaintiff, and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

88. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this

Complaint.

89. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

90. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

91. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

92. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I.  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT II. VIOLATION OF THE DISCHARGE INJUNCTION

- for an award of statutory, compensatory, punitive, and/or actual damages against Defendant for their actions as complained of herein;

- cost and a reasonable attorney's fee;

- for such other and further relief as may be just and proper.

### COUNT III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGE

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- compensatory damages;

- punitive damages; and

- for such other and further relief as may be just and proper.

### COUNT IV.  INVASION OF PRIVACY

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

### COUNT V.  NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

### COUNT VI.  NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for all the damages

including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 8-22-2013 | /s/ S. Scott Allums<br>S. Scott Allums (ASB-5967-n62a)<br>S. SCOTT ALLUMS, PC<br>506 North 18th Street<br>Bessemer, Alabama 35020<br>Telephone: (205) 426-7080<br>Facsimile: (888) 341-6040<br>ssallums@gmail.com<br>**Attorney for Plaintiff** |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA         )
                         )
COUNTY OF JEFFERSON      )

Plaintiff, Nathaniel Gay, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Nathaniel Gay

Subscribed and sworn to before me
this 22 day of August, 2013.

_____
Notary Public

10-8-13